UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK BERNSTEIN, M.D.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-07969** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. Plaintiff's request for attorneys' fees is **DENIED.** (Rec. Doc. # 7).

### BACKGROUND

Marc Bernstein M.D.("Bernstein") purchased a home located at 11 Spinnaker Lane ("Spinnaker") in New Orleans on September 9, 2003. Shortly before the purchase, Bernstein alleges that he contacted his insurance agent, Claude Cutitto and Cutitto Insurance Company (collectively "Cuttito") to obtain insurance coverage. Cutitto had been Bernstein's insurance agent for several years, and as his agent, Cutitto had procured other insurance policies for Bernstein, including property policies. Bernstein further alleges that he asked Cutitto to procure the same insurance coverages, including both homeowners and flood, as he had procured for Bernstein's other property. Cutitto procured insurance for Spinnaker through Allstate Indemnity Company ("Allstate"), which policy excluded flood coverage. Bernstein denies ever receiving a copy of the Spinnaker property insurance policy from Cutitto. Due to Hurricane Katrina, the Spinnaker property

suffered damages, and as a result, Bernstein made claims for both wind and flood damages. Allstate paid Bernstein $8,000 under his homeowners' policy, but it denied flood coverage.

In August 2006, Bernstein filed suit in Civil District Court for the Parish of Orleans against Allstate, Cutitto, Cutitto Insurance Inc., American Automobile Insurance Company, and Fireman's Fund Insurance Company (Cutitto's errors and omissions carrier) alleging, among other things, breach of contract, bad faith, negligence, and breach of fiduciary duties. In October 2006, Allstate removed this case to federal court, and in response, Bernstein requested remand. Bernstein's motion to remand is now before the Court.

## DISCUSSION

**A.     Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To determine whether a cause of action presents a federal question, the court examines the plaintiff's well-pleaded complaint. *Hoskins v. Bekins Van Lines*, 343 F. 3d 769, 772 (5th Cir. 2003). The entire record is examined for a proper understanding of the true nature of the complaint. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F. 2d 806, 808 (5th Cir. 1992).

**B.     National Flood Insurance Act (42 U.S.C. § 4072).**

The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). 42 U.S.C. § 4072. The Fifth Circuit has held that Section 4072 applies to lawsuits against private insurers who issue SFIPs under

the Write Your Own ("WYO") program.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005).

Courts draw a distinction between handling and procurement of NFIA policies.  *Landry v. State Farm Fire and Cas. Co.*, 428 F.Supp.2d 531, 534 (E.D.La. 2006).  Federal jurisdiction under the NFIA exists because policies under the National Flood Insurance Program are paid from the federal treasury, and claims regarding handling of those policies also involve the spending of federal funds.  *Id.*  Although the handling involves federal funds, such funds will not be implicated in a procurement dispute against an insurance agent for negligence.  *Id.*  Specifically, an insured cannot obtain reimbursement from the federal treasury for procurement claims because such claims fall outside the scope of the Act.  *Id*. Several district courts have followed that reasoning and have held that federal question jurisdiction does not exist for claims related the procurement of flood insurance.  *Id.* (citing *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, at *3 (E.D.La. Dec. 12, 2004); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719, at *3 (E.D.La. Dec. 19, 2002)).

Bernstein alleges that this Court lacks jurisdiction over this case under § 4072 because no standard flood insurance policy was issued.  Allstate argues that this Court must consider all of Bernstein's claims, including the claims of handling as well as procurement of a flood insurance policy,  even though no flood policy exists in this case.  In support of this argument,  Allstate cites no case which stands for the proposition that federal jurisdiction exists in the absence of a flood policy.   The Court finds that Bernstein's claim involves one of procurement.  Accordingly, there is no federal jurisdiction under the National Flood Insurance Act.

**C.    Improper Joinder**, **Diversity Jurisdiction** (**28 U.S.C. § 1332), and Misjoinder.**

Although the Cutitto defendants' Louisiana citizenship destroys diversity jurisdiction,

defendant Allstate asserts that this Court has diversity jurisdiction because Cutitto and his insurance company were improperly joined; and their Louisiana citizenship should be disregarded.

Improper joinder may be established by the following: "(1) actual fraud in the pleading of jurisdiction facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis. v. Irby*, 326 F. 3d 644, 646-47 (5th Cir. 2003).  To succeed on a claim of improper joinder based on the inability of plaintiff to establish a cause of action against the non-diverse party, the defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F. 3d 569, 573 (5th Cir. 2004)(*en banc*).

In order to predict whether a plaintiff has a reasonable basis of recovery under state law, the court may conduct a Rule 12(b)(6) analysis by looking at the allegations of the complaint and determining whether the complaint states a claim under state law.  *Id.*  If the plaintiff survives the 12(b)(6) analysis, there is no improper joinder.  *Id*.  In cases in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary judgment type inquiry.  *Id*.  A summary judgment inquiry is only appropriate for purposes of identifying the presence of discrete undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  *Id*. at 573-74.

Section 9:5606 states, in part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based in tort, or breach of contract, or otherwise, arising out of an engagement to provide services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date

>that the alleged act, omission, or neglect, is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest three years from the date of the alleged act omission, or neglect.

Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406 at *4 (E.D.La. Sept. 9, 2006)(citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d. 728, 730-31 (La.1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id*. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id*. (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, No. 01-1243, (La. App. 3d Cir. 06/26/02); 821 So.2d 769, 773).

Bernstein asserts that in September 2003, he requested that Cutitto procure full coverage, including flood, for Spinnaker.[1] Bernstein further asserts that, at times, Cutitto led him to believe that he had secured flood coverage.[2] Moreover, Bernstein relied on Cutitto to obtain numerous coverages for various properties for over 17 years.[3] Even after Hurricane Katrina, Cutitto

---

[1] Affidavit of Marc Bernstein at ¶ 4, p. 1; ¶ 5, p. 2, attached to Bernstein's memorandum in support of motion to remand.

[2] *Id*. at ¶ 7, p. 2.

[3] *Id*. at ¶ 8, p. 2.

represented that flood coverage was in effect for Spinnaker.[4]  Viewing these allegations in the light most favorable to Bernstein, this Court cannot say that it has no reasonable basis to predict that the Bernstein might be able to recover against Cutitto.

Allstate also argues that Bernstein's claims against Cutitto are misjoined under the rationale of *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000).  However, *Tapscott* may not be a recognized type of improper joinder in the Fifth Circuit.  *Southern Athletic,* 2006 WL 2583406, at *4.

Further, even applying the rationale of *Tapscott,* joinder of the defendants in this case does not constitute fraudulent joinder.  "[T]he joinder at issue in *Tapscott* was particularly egregious, i.e. fraudulent, because it involved an attempt to join claims brought by one class of plaintiffs against one set of defendants with another group of factually unrelated claims brought by a second class of plaintiffs against a second group of defendants with no connection between the two groups."  *Bright v. No Cuts Inc.*, No. 03-640, 2003 WL 22434232, at * 4 (E.D.La. Oct. 27, 2003).

Unlike *Tapscott*, this case does not involve a class of plaintiffs and numerous defendants.  Bernstein seeks recovery from Allstate and Cutitto for the same injury —the absence of insurance coverage for the damaged property.

Further, this Court has held that where one plaintiff is suing an insurance company and the insurance agent, there is a palpable connection between the claims and the parties.  *Southern Athletic,* 2006 WL 2583406, at *4 (citing  *Radlauer v. Great Northern Ins. Co.*, 2006 WL 1560791 (E.D.La. May 16, 2006)).  This is not a case in which the plaintiffs have joined unrelated claims to defeat the court's jurisdiction.   Accordingly, there is no misjoinder of parties in this case.

---

[4]*Id*. at ¶ 10, p. 2.

**D.     Attorneys' fees**

Bernstein's request for attorneys' fees is denied.  Unless unusual circumstances are present, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir.2000). The removal in this case was not objectively unreasonable. Thus, the court declines the request to grant attorneys' fees.

## CONCLUSION

For the forgoing reasons, Bernstein's motion to remand is **GRANTED**, and his request for attorneys' fees is **DENIED**.

New Orleans, Louisiana, this __12th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**